## McECHRON v. MARTINE et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. TROVER AND CONVERSION—TITLE TO SUPPORT—POSSESSION.

A person in possession of personalty which he does not own may maintain conversion as against a third person not connected with the legal title.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 121, 122.]

2. SAME—CHATTEL MORTGAGE—WRONGFUL FORECLOSURE.

Where a chattel mortgage purporting to convey that part of certain described chattel property which belonged to the mortgagors provided that recourse should not be had to the property mortgaged until the security afforded by a real estate mortgage securing the same debt had been exhausted, and it appeared that no part of the mortgaged personalty was owned by the mortgagors, a sale, before having resorted to the real estate mortgage, of the interest of the mortgagors in the personalty, under which sale there was no change of possession, was not a conversion of the chattel property, which could be made the basis of a counterclaim for damages on the foreclosure of the real estate mortgage.

Appeal from Special Term, Warren County.

Action by William McEchron, as surviving executor of the last will and testament of Jones Ordway, deceased, against Godfrey R. Martine and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was brought for the foreclosure of a mortgage. The mortgage was executed by Godfrey R. Martine and Mary E. Martine upon four several pieces of real estate described therein to Jones Ordway to secure an indebtedness, which upon April 23, 1901, amounted to upwards of $8,000. This mortgage was executed upon the 10th day of January, 1889. This plaintiff is the surviving executor of Jones Ordway, deceased. In August, 1899, the same defendants executed a chattel mortgage upon what they owned of certain personal property at Blue Mountain Lake, in the hotel and cottages adjoining. This chattel mortgage was executed to William McEchron and James M. Ordway, as surviving executors of Jones Ordway, deceased, and was for the purpose of securing the same indebtedness, which at that time purported to be secured by the real estate mortgage. This chattel mortgage was in the ordinary form, but contained this further clause: "If it shall become necessary to enforce by action the collection of the notes which this mortgage is given to secure, resort shall first be had to the property covered by a certain mortgage [real estate] bearing date January 10, 1889, made and executed by Godfrey R. Martine and Mary E. Martine to Jones Ordway, recorded in the office of the clerk of the county of Hamilton on the 14th day of January, 1899, and in the office of the clerk of the county of Warren on the first day of November, 1890, and then to the property hereby transferred and herein described." It afterwards developed that at the time of the giving of the mortgage the mortgagors were not the owners of two of the pieces of property described in the real estate mortgage. A third piece of property

was afterwards deeded by the mortgagors, and the lien of the mortgage released by plaintiffs. The mortgage remains, however, a lien upon the remaining piece of property described in the mortgage, and the purpose of this action was to foreclose this mortgage as to this piece of property. The court has found that the personal property at Blue Mountain Lake was not at the time of the giving of the chattel mortgage the property of the mortgagors, but was the property of J. Edwin Martine, a brother, and that nothing passed by virtue of the chattel mortgage thus given to the plaintiffs.

On the 23d day of April, 1901, the plaintiff, assuming to act under his chattel mortgage, sold at the front door of the Blue Mountain Lake hotel all the interest of the defendants Godfrey R. Martine and Mary E. Martine in the personal property in such hotel and in the cottages adjoining. Just prior to the sale the plaintiff's attorney, acting in the plaintiff's behalf, received a telegram, which was sent by the said Godfrey R. Martine and Mary E. Martine, as follows:

"Glens Falls, N. Y., April 23, 1901.

"To Henry W. Williams, Blue Mountain Lake, N. Y.—I have owned all household goods and other personal property on Blue Mountain Lake house premises since June, 1890, and I hereby forbid sale of the same unless your claim antedates mine.

"J. Edwin Martine, Chicago,
"By Godfrey R. Martine."

In disregard of this telegram, the interest of the defendants Godfrey R. Martine and Mary E. Martine were sold upon that day for about the sum of $500, which full sum has been credited upon the plaintiff's claim under this real estate mortgage.

In this action to foreclose this real estate mortgage the defendants Godfrey R. Martine and Mary E. Martine admitted the execution and consideration thereof, and asserted an affirmative defense or counterclaim for damages by reason of the unauthorized sale of this personal property under this chattel mortgage. Defendants contend that under the terms of the chattel mortgage resort must first be had to the real estate mortgage. Evidence was offered by the defendant of the actual value of the personal property at Blue Mountain Lake, whereupon the following statement was made upon the trial by the plaintiff's counsel:

"In the view which we take of this action, the question of damages is not going to be a material one, and we have agreed to allow the defense to swear one witness as to the value of the personal property, and no other evidence is to be put in on the value except that given by this witness, and we also have agreed upon this stipulation between the parties:

"That the plaintiff shall offer no evidence as to the value of the personal property set forth in the counterclaim and bill of particulars herein; that in the event that the referee finds that the defendants, or either of them, are entitled to recover upon said counterclaim, that then such recovery shall go to extinguish the claims of the plaintiffs against the defendants, so that one shall balance the other, and that no judgment for damages shall be entered in favor of either party, and the excess in favor of defendants, or either of them, is hereby waived and released; that the plaintiffs waive the objection heretofore taken that this counterclaim should have been asserted against them in an action brought against them individually, instead of in a representative capacity, and shall not assert the same as a defense to this action; that if it is found that the defendants are entitled to recover upon the facts stated in said counterclaim against these plaintiffs, either individually or as executors, they shall recover against these plaintiffs as executors in this action upon the same."

The referee has found that Godfrey R. Martine and Mary E. Martine had no interest in nor possession of the said chattels at the time of the giving of the mortgage, or at the time of the sale by the plaintiffs under their chattel mortgage, and has dismissed the defendants' counterclaim, and directed judgment for the foreclosure of the plaintiff's real estate mortgage. From the judgment entered upon this decision the defendants Godfrey R. Martine and Mary E. Martine have here appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, and ·COCHRANE, JJ.

King & Angell (J. A. Kellogg, of counsel), for appellants.

Ashley & Williams (Henry W. Williams, of counsel), for respond-·ent.

SMITH, J. We agree with defendants' contention that a sale under the chattel mortgage was unauthorized until the foreclosure of the real estate mortgage. The technical construction which plaintiff's counsel claims for the stipulation in the chattel mortgage, above quoted, prac-tically takes the life out of the stipulation and nullifies its effect. A fair interpretation of that stipulation in that mortgage would require the satisfaction of the claim as far as possible out of the real estate mortgage before the chattel mortgage could be resorted to for aid in its payment. The fact found by the referee that the personal property at Blue Moun-tain Lake was in 1890 conveyed to J. Edwin Martine, and that at the time of the giving of the chattel mortgage, and upon April 23, 1890, at the time of the attempted sale thereunder, the defendants Godfrey R. Martine and Mary E. Martine had no interest therein, is supported by the evidence. The inference is quite clear that here was a transfer of this property for the purpose of evading the creditors of Godfrey R. Martine; but such a transfer is good as between the parties, and the title to the property at all these times has therefore been, and now is, in J. Edwin Martine, who is not one of the defendants who asserts .any countrclaim in this action. This property, however, as well as the real estate at Blue Mountain Lake, which had been conveyed to a ·daughter, Mary J. Martine Fletcher, were clearly in the possession of the defendants Godfrey R. Martine and Mary E. Martine. They were left in their possession both by the daughter and by the brother who held the legal title to the property. This right of possession would give to these defendants a right of action for a conversion of that ·property. The right of the possessor to sue, for the conversion of prop-·erty, a third person who does not connect himself with the legal title is well established. He stands, however, as the trustee for the legal ·owner as to any recovery in such an action.

But this personal property was never converted by the plaintiff. Its ·possession was in no way changed. No dominion was exercised there-·over. This telegram was read at the sale, and the title which was in fact sold was simply the title of Godfrey R. Martine and Mary E. Mar-·tine. In fact the chattel mortgage is peculiar in mortgaging only ·that part of the chattel property "which belongs to us in any of said ·buildings or on said premises." Under the findings of the referee no property passed by the mortgage. No property, therefore, passed under the mortgage sale, and the April trip of the plaintiff's attorney, and his pretended sale at Blue Mountain Lake, was a harmless incident, which ·damaged no one, and cannot be made the basis of any counterclaim by ·the defendants in this action. The estoppel claimed by the defendant as against the plaintiff by reason of the attempted sale under the mortgage has scant support when the mortgage purports to convey ·only such part of the property as belongs to the defendants. We see no reason, therefore, for disturbing the conclusions of the referee, and :the judgment should be affirmed, with costs. All concur.